# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| PAMELA S. MAGALLANES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 23-2437-JWL** |
| | ) | |
| MARTIN O'MALLEY | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's counsel's Motion for Attorney Fees under the Equal Access to Justice Act. (EAJA) (28 U.S.C. § 2412).   (Doc. 19).   The Commissioner does not suggest a fee award is improper but argues that the amount requested, $46,946.31, is unreasonable because an unreasonable amount of time was expended in preparing Plaintiff's Social Security Brief, the only brief prepared because the Commissioner confessed error and agreed to remand for immediate award of benefits. The court finds Plaintiff has not met her burden to establish that the amount of time billed in preparation of her Social Security Brief was reasonable.   Therefore, as explained herein the court PARTIALLY GRANTS Plaintiff's motion for attorney fees to the extent of 80 hours at the rate of $234.38 per hour, resulting in a fee award of $18,750.40—in so

far as the court recalls, by far the highest EAJA attorney fee it has ever awarded in a Social Security case.

## I.      Background

On September 26, 2023, Plaintiff sought review of the Commissioner's decision denying disability insurance benefits.   (Doc. 1).   The Commissioner filed the transcript of record with the court on November 16, 2023.   (Doc. 5).   Plaintiff filed her brief on February 15, 2024.   (Doc. 10).   The Commissioner sought and was granted two thirty-day extensions of time to respond to Plaintiff's brief.   (Docs. 11, 12, 14, 15). Thereafter, the parties filed a joint motion seeking reversal of the Commissioner's decision; finding Plaintiff disabled effective January 1, 2009; and remanding the case to the Commissioner for calculation and award of benefits.   (Doc. 16).   The court granted the parties' joint motion and entered judgment remanding the case.   (Docs. 17, 18). Plaintiff now seeks payment of attorney fees pursuant to the EAJA.   (Doc. 19) (hereinafter Fee Mot. or Pl. Fee Mot.).

Plaintiff's counsel has established by attachments to her Motion that she worked 291.8 hours on this case from filing through securing an agreement with the Commissioner to file a joint motion for voluntary remand for an award of benefits, but that she is only seeking fees for 200.3 hours of work.   Plaintiff also requests payment of costs in the amount of $655.60, id., and counsel "requests leave to modify her application to include the time she expended in support of this EAJA Application and any additional time she may expend in support of same."   (Fee Mot. 3).   Plaintiff's counsel also asserts

that the fee cap under the EAJA, adjusted for cost of living increases, is $234.38 per hour.

Id., & Attach. 2.

## II.     Legal Standard

The court has a duty to evaluate the reasonableness of every fee request.   Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).   The EAJA,[1] 28 U.S.C. § 2412, requires that a court award a fee to a prevailing claimant against the United States unless the court finds that the position of the United States was substantially justified.   Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)).   The test for substantial justification is one of reasonableness in law and fact.   Id.   The Commissioner bears the burden to show substantial justification for his position.   Id.; Estate of Smith, 930 F.2d at 1501.   The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted

---

[1]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

(2)(A) For the purposes of this subsection--

. . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, . . . justifies a higher fee.

28 U.S.C. § 2412.

3

for increases in the cost of living.   Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir.

1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The Commissioner does not argue that the position of the United States was

substantially justified, that the fee should not be adjusted for the cost of living, or that

counsel erred in computing the rate for reimbursement.   The party seeking attorney fees

bears the burden of proving that its request is reasonable and must "submit evidence

supporting the hours worked."   Hensley, 461 U.S. at 433, 434.   The objecting party has

the burden to challenge, through affidavit or brief, with sufficient specificity to provide

notice to the fee applicant the portion of the fee petition which must be defended.   Bell v.

United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

## III.   Discussion

### A.   Arguments

The Commissioner agrees that award of a fee under the EAJA is appropriate in

this case but disagrees with the amount of the fee requested.   He argues that typical

Social Security cases require no more than forty hours of work by an attorney because

Social Security appeals "involve a largely settled area of law, require no discovery, and

follow a precise briefing schedule."   (Doc. 24, p.4) (hereinafter Comm'r Fee Brief)

(citing Crim v. Comm'r of Soc. Sec., Case No. 1:11-cv-137-SJD, 2013 WL1063476, at

*4 (S.D. Ohio, March 14, 2013), adopted, 2013 WL 3367337 (July 5, 2013)).   He argues

Plaintiff's appeal to the size of the record, the number of errors the ALJ allegedly made,

and the nature and number of Plaintiff's impairments "may support going somewhat

4

above the 40-hour maximum this Court [sic] has noted for 'straightforward' cases, but they do not support the 200 hours Plaintiff requests."   (Comm'r Fee Br. 4).

He argues counsel represented Plaintiff in proceedings both before the court and before the Social Security Administration (SSA) continuously since February 2018 and should be very familiar with the record, having participated in administrative hearings "in April 2018, January 2020, July 2022, and November 2022."   Id. 6 (citing R. 1225. 1266, 1312, 1321, 1508, 1876).

The Commissioner argues Plaintiff's counsel "has represented claimants in Social Security appeals to the district court since at least 1995" and "has also represented claimants before the Tenth Circuit Court of Appeals."   Id. 8 (citing Bales v. Astrue, 374 F. App'x 780 (10th Cir. 2010); and Whitaker v. Chater, No. CIV. A. 94-2461-JWL, 1995 WL 405299, at *1 (D. Kan. June 7, 1995)).   He argues her "experience and expertise should have resulted in the handling of this case with the expenditure of less time in legal research."   Id.   He argues counsel's labor in this case "should not have required [her] to extensively research the regulations, Social Security Rulings, or longstanding case authority, which should be well-known to a disability attorney.   And if it did, the government should not be required to pay for it."   Id. 9.

The Commissioner argues Plaintiff addressed five broad issues in her Social Security Brief:   That the ALJ did not follow Social Security Ruling (SSR) 96-8p, did not sufficiently explain his evaluation of the consistency of Plaintiff's allegations of disabling symptoms, did not address evidence demonstrating Plaintiff's disabling limitations, did

5

not properly evaluate the medical opinions, and erroneously relied upon the vocational

expert's opinion.   (Comm'r Fee Br. 10).   He argues these issues are neither novel nor

complex and do not justify paying far above 40 hours of attorney time.   Id.

The Commissioner argues 200 hours of attorney time to produce a 40-page brief is

excessive even with a 3,000-page record.   Id.   11-12 (citing this court's decision in

Hinck v. Colvin, Civ. A. No. 13-1389-JWL, 2015 WL 6473562 (D. Kan. Oct. 27, 2015)

with 47 total pages of briefing and wherein the court found the 1,472-page record

"qualifies as non-typical, long, and complex" but found 50.8 hours of attorney time

reasonable rather than the 65.8 hours billed).   He argues the record here, though twice as

long as that in Hinck, contains administrative records irrelevant to Plaintiff's arguments,

and Plaintiff did not need to file a reply brief.   Id. 12.   He argues the court should find

no more than 60 hours of attorney time is reasonable in this case.   Id.

Plaintiff's counsel replies and argues that the Commissioner has not objected to the

fees with the specificity required by law but "attempts to shift that duty to counsel and

this Court [sic]."   (Doc. 25, p.1) (citing Bell, 884 F.2d 713 at 715) (hereinafter Pl. Fee

Reply).   She argues, the Commissioner "makes his same hackneyed assertions: 1)

Plaintiff was not entitled to experienced counsel; 2) the relevant evidence was in the

normal range; 3) counsel was familiar with Plaintiff's claim; 4) this was a typical case

requiring little research; 5) EAJA fees are paid from the public fisc and only benefit

counsel."   Id. 1-2.   Counsel argues she expended the time necessary "to seek voluntary

remand for an immediate award of benefits; to terminate [the Commissioner's] 14-year

failure to comply with his Rules; and to cease his drain of the 'public fisc,'" and "exercised reasonable billing judgment by voluntarily reducing the hours she expended by over 30 percent."   (Pl. Fee Reply 2).

Counsel presents her experience in Social Security law:   She "began practicing social security law in 1983, reviewing and successfully defending [the Commissioner]'s decisions and requesting voluntary remand when indefensible.   In 1994, she left government service to represent claimants."   Id.

In response to the Commissioner's argument attorney time should be reduced because counsel was familiar with the case, counsel argues, "representation at the administrative level does not significantly reduce the time required for a successful Federal Court Appeal, let alone a voluntary remand for an award of benefits.   They are vastly different proceedings with different issues and requirements.   Counsel's arguments in Federal Court were properly based on the content of the third ALJ's January 2023 decision."   Id. 3.   She argues, "the ALJ's January 2023 decision mischaracterized or ignored [record medical] evidence, requiring counsel to undergo an extremely time[-]consuming, detailed and often page by page, line by line comparison of the plethora of evidence referenced in the ALJ's unexplained citations."   Id. 4.

Counsel argues she had to research all the record medical evidence, "state agency documents, Function Reports, Pain Questionnaires, and the testimony of claimant, an ME, and three VEs at six separate hearings," and she "also researched/edited/updated case law, regs, rulings, HALLEX, POMS and her Brief." Id. 4-5.   She argues she had to

research whether the ALJ's statements of law were accurate, and they were not.   Id. 5.

She argues that "while Social Security law may have been well-settled in 2013" when

Crim, 2013 WL 1063476 was decided, "thereafter it has been ever changing."   (Pl. Fee

Reply 5).

Counsel argues the Commissioner's "'general 'too much' [attorney time]

argument is insufficient" because he failed "to identify the argument(s) which was too

much, aggressive or over kill and 'point to the specific area researched and to provide

reasons why the research or the amount of time on the research is unreasonable.'" Id.

(quoting Watson v. Southeastern Pa. Transp. Ass'n., 98-6078, 2000 WL 1038122, *4

(E.D. Pa. July 13, 2000)).

**B.** **Analysis**

The court finds that this case was more complex, and the record is longer than the

mill run of Social Security cases.   Nonetheless, the time expended in researching,

reviewing, and briefing was very excessive and unreasonable for a case of this level of

difficulty and an attorney of counsel's experience and expertise.   It finds that giving

counsel every benefit of the doubt a reasonable time for the attorney work in this case

would be eighty hours and the court will award fees at a rate of $234.38 per hour,

providing for a generous total fee award of $18,750.40.

First, the court notes that the Commissioner objected to the fee award with

sufficient specificity to alert plaintiff to the fact that the Commissioner believes the time

billed for reviewing and researching the record evidence; the Tenth Circuit's and this

court's case law; and the regulations, Social Security Rulings, POMS (Program

Operations Manual System), and HALLEX (Hearings, Appeals and Litigation Law

manual) of the Social Security Administration in producing Plaintiff's Social Security

brief is unreasonable for this case and for an attorney of counsel's experience and

expertise.   Despite plaintiff's contrary argument, the Third Circuit cases of <u>Bell</u> and

<u>Watson</u> do not require a greater degree of specificity, at least not within the Tenth

Circuit.   In the Tenth Circuit, the Plaintiff has the burden of proving her requested fee is

reasonable.   <u>Hensley</u>, 461 U.S. at 433, 434.   The Commissioner's burden is to provide

notice of that to which he objects so that Plaintiff is given the opportunity to defend her

request.   As this court noted sixteen years ago:

> this court has found no Tenth Circuit opinion adopting [the Third Circuit]
> burden shifting [allegedly found in <u>Bell</u>] or defining what level of
> specificity is required.   Also, the district court retains broad discretion in
> determining the reasonableness of fees.   In a Third Circuit opinion that
> also cites to <u>Bell</u>, the court noted immediately after discussing the burden
> of the objecting party, that "[o]nce the adverse party raises objections to the
> fee request, the district court has <u>a great deal of discretion</u> to adjust the fee
> award in light of those objections."   <u>Rode v. Dellarciprete</u>, 892 F.2d 1177,
> 1183 (3d Cir.1990) (emphasis added).

<u>Coleman v. Astrue</u>, No. 06-2427-JWL, 2008 WL 234404 (D. Kan. Jan. 28, 2008).

The court believes that this case should require more time than the thirty or forty

hours required by a typical case, but it should not have required two hundred hours.   As

counsel acknowledges, she has almost 40 years' experience in Social Security law as an

attorney working both for the government and in private practice before both the district

court and the Tenth Circuit Court of Appeals.   While Social Security law is ever-

changing over time, the practitioner with experience such as Plaintiff's counsel and this

court remains abreast of the changes in the law incrementally with each case she or he

takes and does not require extensive research and review in any single case.

Here however, in multiple apparent block billing "Time Itemization" statements,

counsel reports significant blocks of time billed between 2.0 hours and 6.4 hours each

totaling 90.5 hours billed and involving research of SSRs, the Commissioner's SEP

(sequential evaluation process), JWL (apparently this court's opinions), POMS, Harmless

Error, specific cases by name, duration requirement, severe impairment, concurrent

impairments, CTS (Carpal Tunnel Syndrome?), low stress environment, self-report,

reaching in all directions and DOT (Dictionary of Occupational Titles), state agency

failure to review fully developed record, continuous 12 months, and others not mentioned

here.   (Pl. Fee Mot., Attach 1).   Many of the constructs researched by counsel are

common constructs of Social Security disability law and should be familiar to a

practitioner with nearly forty years' experience and with the expertise of Plaintiff's

counsel.   While some of them will no doubt need to be verified, they should not need

research.   The Social Security statute, regulations, rulings, POMS, and HALLEX are to a

similar effect.   Most of them predate counsel's involvement in this case and many

predate her first practice of Social Security law in 1983.   As an experienced Social

Security practitioner, counsel should be familiar with this law and should become

familiar with any changes in the law as they are made.   The time expended in staying

abreast of changes in the law is the cost of doing business in the law and should not be

charged to an individual client just because the change occurred while that client was

being represented.   Perhaps the two biggest changes in Social Security law in recent

years have been the change in the way the agency evaluates a claimant's allegation of

symptoms resulting from her impairments, SSR 16.3p, and the way in which the agency

evaluates medical source opinions for cases filed after March 27, 2017.   20 C.F.R.

§ 404.1520c.   However, neither of these changes have a great effect on this case.   The

Tenth Circuit has held its approach to credibility determination was consistent with the

approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. App'x. 542, 546 (10th

Cir. 2017).   And this case was filed with the SSA long before March 27, 2017.

Research and review of the extensive case record in this case is to a similar effect.

As the Commissioner points out, counsel began representing Plaintiff in this case on

February 1, 2018, almost six years before this case was filed.   (R. 1509).   Therefore, by

the time this case was filed, she should have become very familiar with the ultimate case

record.   The court does not take the Commissioner's argument that counsel should be

familiar with the record to mean that she should be able to use her briefing before the

agency in her briefing before the court, but that she should be familiar with the facts,

exhibits, and evidence in the case record without extensive reading as she would need

with a record that was new to her.   The court agrees.   After the Commissioner filed the

administrative record on November 16, 2023, through January 9, 2024, Counsel block

billed about 19 additional hours wherein she reviewed portions of the record including

prior administrative notes, medical records, evidence reviewed by agency physicians, and medical examiner's interrogatory responses.   (Pl. Fee Mot., Attach.1. p.1).

When writing her brief, counsel block billed 62.7 hours of work which included writing, editing, reading, or reviewing the brief or its component parts.   This block billing included the following billing entries exclusively for writing activities.   1/10/24, "Outline and begin argument re impairments and compare statements/reports rendered by Defendant's physicians," 4.6 hrs.   1/15/24, "Write lumbar spine argument addressing ALJ's citations in support of lumbar RFC finding and outline neck and hand impariments [sic] arguments," 5.4 hrs.   1/17/24, "Continue writing neck and hand arguments and add Plaintiff's statements," 5.7 hrs.   (Pl. Fee Mot., Attach. 1, p.1).   1/25/24, "Continue to review and edit brief," 5.1 hrs.   1/26/24, "Review lumbar spine argument and compare with ALJ decision re same and edit argument," 5.1 hrs.   1/27/24, "Read and edit lumbar argument; Review and edit other impaiments [sic] argument; Write VE argument; Edit mental RFC and mental opinion evidence section," 3.7 hrs.   1/30/24, "Edit brief re neck, hands, back and other impairments lasting 12 months," 6.9 hrs.   2/02/24, "Edit arguments re 16-3p and 96-8p, neck and hand impairments, mental, state agency physicians, and lumbar," 4.8 hrs.   2/06/24, "Continue to edit neck, hand and lumbar spine; Read brief; Read outline re ALJ's decision; Edit other sections of brief," 5.4 hrs.   2/10/24, "Edit and cite check brief," 4.7 hrs.   (Pl. Fee Mot., Attach. 1, p.2.).   Thus, counsel's billing records reflect 51.3 hours billed for exclusively writing tasks on her 40-page brief plus block billing of 11.4 additional hours which also included other tasks.   It

is important to note that the court's consideration of hours billed does not consider the additional 91.5 hours recorded for which Plaintiff has not billed.

The court thinks it important to note that counsel's billing includes 43.7 hours which includes consultation with another Social Security practitioner known to the court. (Pl. Fee Mot., Attach. 1).   In her motion, memorandum, or reply counsel makes no justification for the time expended in consulting with this practitioner.

Counsel has billed 200.3 hours of attorney time in prosecuting this case.   Most of that time is block billed, and the court is therefore unable to ascertain which tasks required how much time and which tasks reflect an unreasonable amount of time.   The court has noted serious concerns with the reasonableness of 90.5 hours including research of the law, about 19 hours block billed including specific review of the record, 51.3 hours specifically preparing the 40-page brief and 11.4 additional block billed hours including such writing tasks.   The court's concerns amount to a total of 172.2 hours.   Of course, not all the hours with which the court has concerns were unreasonably expended. Additionally, counsel has not justified billing for her consultation with another Social Security practitioner included within 43.7 hours of billing, although if that time were included much of it would constitute double counting with other issues above.

It is clear counsel has not met the burden to justify a reasonable fee in this case. But neither did the Commissioner recognize in his response brief the excellent results that counsel has produced in this case.   She secured the Commissioner's consent to remand for computation and <u>award of benefits</u>.   The court has many times seen cases in which

the Commissioner has sought remand for further proceedings after considering a claimant's initial brief, but it does not recall another case wherein he agreed to remand for computation and award of benefits.

Considering all the facts and granting counsel the benefit of the doubt, the court finds 80 hours of attorney time at the rate of $234.38 per hour, resulting in a fee award of $18,750.40 is a reasonable fee in this case.

The Commissioner has not objected thereto, and the court finds that costs of $655.60 shall be awarded to Plaintiff.   Because counsel has not submitted any record of the hours expended in seeking the EAJA fee award in this case and because of the great number of hours already awarded herein, the court does not find it appropriate to award additional fees for seeking the EAJA award.   Counsel's attempt to secure excessive and unreasonable fees is the primary factor leading to the fee litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (Doc. 19) is PARTIALLY GRANTED, and that fees be awarded in the sum of $18,750.40.

**IT IS FURTHER ORDERED** that costs be awarded in the amount of $655.60.

Dated July 29, 2024, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

14