# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAMELA S. MAGALLANES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 23-2437-JWL |
| | ) |
| **MARTIN J. O'MALLEY,**[1] | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This matter is before the court on a motion for approval of an attorney fee (Doc. 27 (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED, approving a fee in the amount of $67,138.00 pursuant to the Social Security Act.

**I. Background**

Plaintiff filed a Complaint in this court on September 26, 2023, seeking judicial review of a decision of the Commissioner of the Social Security Administration. (Doc

---

[1] On December 20, 2023, Mr. O'Malley was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. O'Malley is substituted for Acting Commissioner Kilolo Kijakazi as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1).  After the Commissioner answered and filed the administrative record in this case, Plaintiff filed two motions for 30-day extensions of time which were granted and eventually filed her Social Security Brief on February 15, 2024.  (Doc. 10).  The Commissioner also sought and was granted two 30-day extensions of time, confessed error, and the parties filed a joint motion seeking reversal of the Commissioner's decision and a finding that Plaintiff was disabled effective January 1, 2009, with remand of the case to the Commissioner for calculation and award of benefits.  (Doc. 16).  The court granted the parties' joint motion and entered judgment remanding the case for calculation and award of benefits.  (Docs. 17, 18).  The court granted Plaintiff's subsequent motion for attorney fees pursuant to the Equal Access to Justice Act, in part, on July 29, 2024, awarding $18,750.40 in fees.  (Doc. 26).  On remand, the Commissioner issued a Notice of Award on September 28, 2024.  (Pl. Mot., Attach. 1).  The SSA withheld $67,138.00 from Plaintiff's past due benefits to pay a fee approved by the court.  Id. Attach. 1, p.4.  Plaintiff now seeks award of attorney fees of the full 25% past due benefits pursuant to § 206(b) of the Social Security Act.  42 U.S.C. § 406(b).

**II.    Legal Standard**

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.  42 U.S.C. § 406(b).  The court has discretion to approve such a fee.  <u>McGraw v. Barnhart</u>, 450 F.3d 493, 497-98 (10th Cir. 2006).  However, the court has an affirmative duty to allow only so much of the fee as is

reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between a plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is

to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.")). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

This court recently approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263.00; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); see also, Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021) (an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-1133-JWL, 2021 WL 5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v. Saul, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and an equivalent hourly rate $809.07); Schlein v. Kijakazi, Civ. A. No. 21-1180-JWL, 2023 WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80 resulting in an equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL, 2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

## III.   Discussion

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits, or $67,138.00.   She included a copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of past due benefits.   (Pl. Mot., Attach. 2).   Counsel submitted a listing of the hours expended in prosecuting this

case before this court showing 200.3 hours expended.² Id., Attach. 3.  An award of 25 percent of past due benefits would result in an hourly rate of $839.23 and an effective hourly rate in a noncontingent case of $299.72.  Counsel argues that the skill, competence, expertise, and experience of her and her firm produced an excellent result in this case and support awarding the full 25% of past due benefits.  Id., Attach. 1, pp.3-5.

The Commissioner submitted a response to Plaintiff's Motion asserting that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $67,138.00."  (Doc. 29, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings.  Plaintiff has met her burden to prove that award of the full 25 percent of past due benefits is reasonable in the circumstances present here.  The court notes that counsel achieved an excellent result for Plaintiff in this case especially considering the Commissioner chose to request remand for an award of benefits without challenging Plaintiff's brief.  The court recognizes that the contingent nature of the fee justifies a fee award in Social Security cases when the

---

² The court notes counsel's billing records show 291.8 hours expended in presenting this case, but that counsel billed only 200.3 hours.  (Pl. Mot., Attach. 3).  Moreover, in granting counsel's request for fees under the Equal Access to Justice Act, the court found counsel's expending 200.3 hours in this case was grossly unreasonable but that she reasonably expended 80 hours, far more than the mine run of Social Security disability cases.  (Doc. 26).  The court concluded, "Considering all the facts and granting counsel the benefit of the doubt, the court finds 80 hours of attorney time" is reasonable.  Id. 14.  The court uses this number of hours in reviewing for reasonableness counsel's fee request here.

claimant prevails which is higher than normal hourly rates charged by attorneys in other matters in order to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded.  This is particularly true due to the deferential standard applicable in Social Security cases, <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, at 1154, 1157 (2019), and this court's strict adherence to that standard.

Both the Commissioner and Plaintiff's counsel remind the court that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee in this case was $18,750.40 and must be refunded to Plaintiff as the smaller fee.

The court finds that 25% of past due benefits, or $67,138.00, is a reasonable fee in the circumstances of this case.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $67,138.00 which the Commissioner shall provide to Plaintiff's counsel subject to any remaining past due benefits withheld.

**IT IS FURTHER ORDERED** that counsel shall refund the EAJA fee award of $18,750.40 to Plaintiff.

Dated November 26, 2024, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**